UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEITRICH SANDERS,

    Petitioner,                           Civil No. 2:19-CV-11018
                                        HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Deitrich Sanders, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for carjacking, M.C.L.A. 750.529a, and felon in possession of a firearm, M.C.L.A. 750.224f.

Petitioner filed a motion hold the petition in abeyance to permit him to file a post-conviction motion to present additional claims that have not been exhausted with the state courts. The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion. The Court administratively closes the case.

**I. Background**

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Sanders*, No.

1

332895, 2017 WL 5615704 (Mich. Ct. App. Nov. 21, 2017), *lv. den.* 501 Mich. 1063, 910 N.W. 2d 271 (2018).

On April 2, 2019, petitioner filed his application for writ of habeas corpus.[1] Petitioner seeks habeas relief on the grounds that he raised in the state courts on his direct appeal.

## II.  Discussion

Petitioner seeks to have the petition held in abeyance so that he can file a post-conviction motion for relief from judgment to exhaust new claims with the state courts which are not included in the current petition.

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).  The Court grants petitioner's motion to hold the petition in abeyance during the pendency of any post-conviction motion in the state courts. [2]

---

[1]  Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on April 2, 2019, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

[2]  Petitioner can exhaust his new claims by filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See Nasr v.*

Where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his various state court proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

### III.  ORDER

Accordingly, the Court hereby GRANTS petitioner's motion to stay and hold his habeas petition in abeyance. (Dkt. 3). Petitioner must file a motion for relief from judgment in state court within ninety (90) days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety (90) days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

---

*Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of petitioner's petition. *Thomas v. Stoddard,* 89 F. Supp. 3d at 943-44.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 12, 2019**