UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEITRICH SANDERS,

    Petitioner,                             Case Number 2:19-CV-11018
                                            HONORABLE VICTORIA A. ROBERTS
v.                                          UNITED STATES DISTRICT JUDGE

KRISTOPHER TASKILA,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE
## MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 20)

This Court denied Petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The Court denied Petitioner a certificate of appealability but granted Petitioner leave to appeal *in forma pauperis*. *Sanders v. Taskila,* No. 2:19-CV-11018, 2023 WL 1477632 (E.D. Mich. Feb. 2, 2023).

Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 19). Petitioner also filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59. (ECF No. 20). The Court transferred the motion to the Sixth Circuit. (ECF No. 23). The Sixth Circuit remanded the motion back to this Court to adjudicate the motion. *Sanders v. Taskila*, No. 23-1218 (6th Cir. Mar. 23, 2023).

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening

change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner argues that this Court erred in rejecting his claims, particularly his ineffective assistance of counsel claim.

Petitioner's motion to alter or amend judgment is denied; he is presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

**IT IS ORDERED THAT:**

The "Motion to Alter or Amend Judgment" (ECF No. 20) is **DENIED**.

s/ Victoria A. Roberts<br>
HON. VICTORIA A. ROBERTS<br>
UNITED STATES DISTRICT JUDGE

Dated: 4/4/2023